**NOT FOR PUBLICATION**                                              **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VIZIO, INC., | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 08-5029 (FSH) |
| | : | |
| v. | : | **ORDER** |
| | : | |
| SONY CORPORATION, and SONY | : | Date: March 20, 2009 |
| CORPORATION OF AMERICA, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**HOCHBERG, District Judge**

      This matter comes before the Court upon Defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a).  This Court having considered the parties' written submissions pursuant to Federal Rule of Civil Procedure 78; and

      it appearing that Plaintiff Vizio, Inc. ("Vizio") is a California corporation that sells digital televisions and has its principal place of business in Irvine, California; and

      it appearing that Defendant Sony Corp. is a Japanese corporation with its principal place of business in Tokyo, Japan, and that Defendant Sony Corp. of America is a New York corporation with its principal place of business in New York, New York ("together, "Sony"); and that Sony purports to be the owner of certain patents relating to digital televisions; and

      Vizio having filed a complaint in this Court on October 10, 2008, seeking declaratory judgment of non-infringement and non-validity of certain patents, and asserting trade libel/disparagement and unfair competition claims against Sony; and

Sony having filed a complaint against Vizio in the United States District Court for the Central District of California later in the day on October 10, 2008, alleging infringement of many of the same patents;[1] and

it appearing that Sony requests that this Court transfer this case to the United States District Court for the Central District of California; and

it appearing that 28 U.S.C. § 1404(a) permits the Court to transfer a civil case to another district where venue is proper;[2] and

it appearing that the decision to transfer venue rests in the Court's sound discretion, *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 631-32 (3d Cir. 1989); and

it appearing that, as a preliminary matter, the District Court must determine that the venue to which transfer is proposed is one in which the action "might have been brought," 28 U.S.C. § 1404(a);[3] and

it appearing that, in addition, the Court must consider the private interests of the litigants

---

[1] Although the general rule is that the first-filed suit should take priority in venue, Vizio's action against Sony was filed mere *hours* before Sony initiated its suit against Vizio. In these circumstances, the first-filed suit is entitled to little priority. Indeed, in attempts to quell this type of "race to the courthouse," the Federal Circuit recently ruled that instead of "automatically going with the first filed action, the more appropriate analysis takes account of the convenience factors under 28 U.S.C. § 1404(a)." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008) (noting further that the first-filed rule "will not always yield the most convenient and suitable forum").

[2] "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

[3] In doing so, the Court must consider the propriety of venue in the transferee district and its jurisdiction over the defendants. *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 586 (D.N.J. 2001).

and the public interests in the fair and efficient administration of justice, *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995);[4] and

it appearing that because Vizio could establish venue and personal jurisdiction as to both Sony entities in the Central District of California, this case could have been brought originally in that forum;[5] and

it appearing that many of the relevant public and private factors support a transfer of this case to the Central District of California;[6]

---

[4] The private factors include: (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) where the claim arose; (4) the convenience of the witnesses; (5) the convenience of the parties; and (6) the location of books and records; and the public factors include: (7) the enforceability of any judgment; (8) any practical considerations making trial easy, expeditious, or inexpensive; (9) relative administrative difficulty resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the trial judge's familiarity with applicable state law. *Jumara*, 55 F.3d at 879.

[5] Sony Corp. of America ("SCA") is subject to the Central District's general jurisdiction: SCA is formally registered to do business in California; has offices and an appointed agent for acceptance of service of process in California; and does business through its employees within the District. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984) (general jurisdiction requires continuous and systematic contacts with the forum). Sony Corp. is subject to specific jurisdiction in the Central District because it has previously filed a lawsuit in the District on patents that are at issue in this case. *See Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 430 (Fed. Cir. 1996) (defendant's initiation of lawsuit enforcing same patent in forum relevant to jurisdictional analysis). Finally, venue is proper under 28 U.S.C. § 1391(b)-(c), which provide that a civil action may be brought where corporate defendants are subject personal jurisdiction.

[6] Both the private and public factors favor transfer. Overall, this controversy appears to have little meaningful connection to New Jersey. Although Vizio chose New Jersey as the forum, New Jersey is not Vizio's "home turf." Vizio's corporate headquarters and principal place of business are in the Central District of California. It has no facilities or employees in New Jersey. Thus, Vizio's forum selection is entitled to less deference. *See, e.g.*, *Prinir (HADAS 1987), Ltd. v. ConAgra Foods Packaged Foods Co.*, No. 08-914, 2008 WL 5169119, at *3 (D.N.J. Nov. 21, 2008) ("[A] foreign plaintiff . . . has no claim to 'home turf' in New Jersey and is not entitled to an enhanced presumption in favor of its choice of forum."). California is

**IT IS** on this 20th day of March 2009,

**ORDERED** that Defendants' Motion to Transfer is **GRANTED**, and, accordingly, that the matter pending before this Court, Civil Docket No. 08-5029 is transferred to the United States District Court for the Central District of California; and it is further

**ORDERED** that the Clerk of the Court for the District of New Jersey mark this case **CLOSED**.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.

---

likewise more convenient for, and preferred by, Sony, whose digital television business is based in San Diego. Importantly, the "hub of activity" around the accused technology – *e.g.*, the location of the product's development, testing, research, and production – is likely California, where Vizio's headquarters and Sony's electronics business are located, or Japan, where many of Sony's engineers and the patents' inventors reside; not New Jersey. *See LG Elecs.*, 138 F. Supp. 2d at 590 ("The district court ought to be as close as possible to the area of the infringing device and the hub of activity centered around its production."); *Nat'l Prop. Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324, 327 (D.N.J. 1995) ("the Court does not accord great weight to Plaintiff's choice of New Jersey as the forum . . . because New Jersey has a tangential relationship to the facts underlying Plaintiff's claims"). Vizio's tort claims similarly appear to have little connection to New Jersey: the allegedly disparaging statements were made by individuals in Japan and heard by analysts throughout the United States. Issues relating to access to proof and the availability of witnesses also favor California, as much of the documentary evidence and many of the witnesses are located there; by contrast, few, if any, are located in New Jersey. As to the public factors, California appears to have a greater interest in adjudicating this controversy because Vizio is a California corporation with its headquarters in the Central District. It also appears that a related case, *Sony Corp. v. Westinghouse Digital Elecs., LLC*, 08-03934-RGK (FMOx), involving many of the same patents and the same underlying technology at issue here, recently concluded in the Central District. A judge in that District, therefore, already has familiarity with the patents-in-suit, which may result in the conservation of judicial resources. *See, e.g., Zoltar Satellite Sys., Inc. v. LG Elecs. Mobile Commc'ns Co.*, 402 F. Supp. 2d 731, 735 (E.D. Tex. 2005) ("In cases that involve a highly technical subject matter, such as patent litigation, judicial economy may favor transfer to a court that is already familiar with the issues involved in the case.").